CITY of BOSTON *vs.* MONTESSORI FAMILY CENTRE, INC.; ACTION FOR BOSTON COMMUNITY DEVELOPMENT, INC., intervener. No. 87-1317. August 18, 1988. *Taxation,* Real estate tax: Foreclosure of tax lien. *Real Property,* Tax lien. *Practice, Civil,* Vacation of judgment.

This is a petition to foreclose a tax lien for nonpayment of 1979 real estate taxes on the locus, land on Geneva Avenue in North Dorchester with a building in run-down condition. The locus was conveyed to Montessori, a charitable corporation, in 1978. The taxes for the fiscal year 1979 had not been paid, and Montessori did not pay them. Neither did it file the forms necessary to establish tax exempt status. The locus was taken for nonpayment of taxes on July 29, 1980, and this petition was filed on July 17, 1981. Montessori did not appear in the action and was defaulted. A final decree of foreclosure was entered April 26, 1983. On June 9, 1983, Montessori appeared and filed a petition to vacate the judgment. By this time it was delinquent on its 1980 and 1981 taxes. (It apparently obtained a tax exemption for 1982, having by then filed the proper forms.)

The locus was used by Montessori to run a Head Start program and day care programs for low-income children in the Roxbury-North Dorchester community. These programs were funded, at least in part, by grants from Action for Boston Community Development, Inc. (ABCD), which inter-

vened when the petition to vacate the judgment was filed in 1983. ABCD was by that time conducting Head Start and parent-child programs in its own name in the Montessori building. The petition was heard December 5, 1983, and the judge withheld decision to give the parties time to work out some arrangement. Discussions apparently ensued, in some of which the judge participated. On August 14, 1987, the judge finally denied the petition to vacate the foreclosure decree, and Montessori filed the present appeal. Two days later it filed a motion for relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). That was denied, and no separate appeal was claimed from the denial.

Both on the occasion of denying the petition to vacate and that of denying the motion for relief from judgment, the judge rendered thorough and thoughtful decisions detailing the reasons for his actions. His findings, which are not challenged in this appeal, paint a picture of financial mismanagement of Montessori which, despite the well-meaning efforts and lofty intentions of its principals, augured poorly for its future ability to hold the locus even though the taxes for 1980 and 1981 might be abated upon proper proof (which the judge indicated had not been furnished). See *Norwood* v. *Norwood Civic Assn.*, 340 Mass. 518, 522-525 (1960). Taxes for 1979, assessed on January 1, 1978, when the locus was in private ownership, were not subject to abatement, and the amount required for redemption had grown (due to costs and interest accrued to August, 1987) to $251,505.10 (from an original assessment of $104,953.50). Montessori at the time of the denial of the petition to vacate judgment had demonstrated no ability to raise that money. Moreover, as the judge observed, other creditors, including the Internal Revenue Service and the Massachusetts Division of Employment Security, had placed liens on the locus. These, coupled with other financial obligations, jeopardized the continuation of Montessori's programs at the locus. From April, 1983, when it became a tenant at will of the city, to January, 1987, ABCD, which was administering programs serving 273 low-income infants and children from the Roxbury-North Dorchester community, had expended nearly a half million dollars in maintaining and repairing the building. The city's intention was to transfer title to ABCD for a nominal consideration. In these circumstances the judge did not abuse his discretion in denying the petition.

The subsequent motion for relief from judgment is, technically, not before us. No appeal was taken from its denial, although it is the principal focus of Montessori's brief. There was, in any event, no abuse of discretion by the judge in denying it. The gist of the motion was that Montessori had succeeded in obtaining a mortgage commitment letter (not from a bank) for $300,000, the loan to be secured by a first mortgage on the locus. This, argued Montessori, would enable it to redeem the locus from the foreclosure by the city. No showing was made, as the judge pointed out, that the loan proceeds would be sufficient to discharge other liens on the locus nor how Montessori, under the burden of numerous other debts, would be able to

meet the interest payments so as to avoid default on its mortgage obligations. The letter was unsatisfactorily vague in several respects. There would be subtracted from the proceeds not only the standard fees and charges for services of counsel, documentation, and recording but an "origination fee" of undetermined amount. The term of the mortgage loan and the rate of interest were unspecified. The judge could properly conclude that this was an insufficient showing by Montessori that its charitable purposes would be served significantly by redemption in these circumstances, whereas the beneficial public services offered by ABCD (which, by this time, had become owner of the locus) would be jeopardized by potential loss of the locus.

*Denial of petition to vacate judgment affirmed.*

The case was submitted on briefs.

*Joseph F. Dalton* for the defendant.

*Patrick J. Costello,* Assistant Corporation Counsel, for the city of Boston.

*Richard M. Bluestein, Janet Steckel Lundberg & Samuel Nagler* for the intervener.